FILED IN CHAMBERS
U.S.D.C. Atlanta

MAR 0 8 2006

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERRANCE J. BAKER,

        Plaintiff,

    v.

BANK OF NOVA SCOTIA, et al.,

        Defendants.

CIVIL ACTION

NO. 1:04-CV-0660-RLV

O R D E R

This matter comes before the court on the Magistrate Judge's Report and Recommendation [Doc. No. 63] and the defendants' "Objection To The Magistrate Judge's Report and Recommendation With Respect To Its Motion For Summary Judgment" [Doc. No. 64].

On January 31, 2006, Magistrate Judge Susan S. Cole recommended that the defendants' motion for summary judgment be granted with respect to all of the plaintiff's claims and that this case be dismissed. Additionally, Magistrate Judge Cole recommended that the defendants' request for attorneys' fees be denied.

In the defendants' brief in support of their motion for summary judgment, the defendants requested that the court award them attorneys' fees because "[the plaintiff's] lawsuit is entirely frivolous." In the defendants' reply brief the defendants made the following statements, "Thus, the Court should grant [the defendants'] motion and award them their attorneys' fees for defense of this suit," and ". . . because [the plaintiff] has

offered no reasonable basis to support his lawsuit, [the defendants] should be awarded their attorneys' fees."[1]

In addressing the defendants' request for attorneys' fees contained in their briefs, Magistrate Judge Cole recommended that this court deny awarding the defendants attorneys' fees and held that· "in light of [the plaintiff's] *pro se* status and of [the defendants'] failure to develop their request for attorneys' fees factually and legally, the undersigned does not find that an award of attorneys' fees is warranted."

On February 14, 2006, the defendants filed an objection to the Report and Recommendation, arguing that Magistrate Judge Cole erred in her recommendation denying them attorneys' fees in two important respects.  According to the defendants,

> First, Magistrate Judge Cole incorrectly found that [the defendants] failed to develop their "request" for attorneys' fees.  This finding was premature because final judgment has not been entered, and [the defendants] have not yet formally "moved" for attorneys' fees. Second, Magistrate Judge Cole erroneously took into account [the plaintiff's] *pro se* status in denying attorneys' fees, when the evidence establishes that [the plaintiff] continued to litigate even though he knew it was factually and legally frivolous.

---

[1] An examination of the Report and Recommendation demonstrates that Magistrate Judge Cole interpreted the defendants' statements contained in their briefs as a "motion" for attorneys' fees.  In the defendants' objection to the magistrate judge's report and recommendation, the defendants state "neither of these statements were [sic] intended to serve as [the defendants'] motion request for attorneys' fees."  Furthermore, the defendants stated that they were "awaiting final judgment before making their motion for attorneys' fees, as required by F.R.C.P. 54(d) and L.R. 54.2."

Having examined the defendants' objections, the court declines to accept the Magistrate Judge's recommendation regarding attorneys' fees; nevertheless, the court declines to award attorneys' fees at this time.  Magistrate Judge Cole failed to apply the proper standard for evaluating whether to award attorneys' fees to a prevailing party in a Title VII case.  The standard for awarding attorneys' fees in the context of Title VII was articulated by the United States Supreme Court in Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 422 (1978), when the Court held:

> Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.  And, needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense.

Under Christiansburg, the *pro se* status of the plaintiff is not a relevant factor in determining whether to award attorneys' fees.

More significantly, Magistrate Judge Cole did not have a motion for attorneys' fees before her, but simply a statement in a brief for summary judgment.  Thus, Magistrate Judge Cole's recommendation not to award attorneys' fees was premature.

With the exception of Magistrate Judge Cole's recommendation to deny the defendants' request for attorneys' fees contained on

3

pages 40 and 41 of her Report and Recommendation, the court receives Magistrate Judge Cole's Report and Recommendation with approval and adopts it as the opinion and order of this court. For the reasons contained in Magistrate Judge Cole's Report and Recommendation, the defendants' motion for summary judgment is **GRANTED**, and the clerk of the court is directed to enter final judgment in favor of the defendants.

SO ORDERED, this **8th** day of March, 2006.


ROBERT L. VINING, JR.
Senior United States District Judge

4